## Case No. 7,063.

### IRISH v. KNAPP.

[5 Ban. & A. 47;[1] 18 O. G. 735.]

Circuit Court, E. D. Pennsylvania. Dec. 20, 1879.

Strawbridge & Taylor, for complainant.

W. W. Weighley and S. E. Cavin, for defendant.

BUTLER, District Judge. This suit is for the infringement of letters patent No. 179,-316, issued to the plaintiff, June 27th, 1876, for certain new and improved methods of making colored photographs on glass, described substantially as follows: Attach the unmounted photograph to a glass by means of paste. After the moisture has dried out, render the paper transparent by grinding down from the back till quite thin with emery-cloth, fine sand-paper, or the like; then place it in a bath of melted paraffine or other similar substance. After a few minutes, remove it and rub off the surplus wax. After the print is thus rendered transparent, paint it on the back with oil-colors or touch up such parts as need it; then lay a second glass against the back of the picture and put oil-colors on its outer side, placing the various tints opposite such parts as may be proper. The colors on the back of the second glass being separated from the picture as described, it is asserted that greater smoothness and softness are thus obtained, and that while the application of paint directly to the paper requires the skill of an artist, the application of color by means of a second glass does not. The

claim is in the following language: "What I claim, and desire to secure by letters patent, is: The process of preparing and producing colored photographs on glass by first mounting the photograph on glass, face downward, then grinding it thin from the back, and then treating it with paraffine or its equivalent, as specified, for the after reception of oil-colors, applied directly to the back of the picture, or to a second glass, to be applied as a backing, substantially as herein described."

While the description or specification seems to contemplate painting or touching up the back of the picture, and also the use of the second glass in all cases, and thus presents a single method of making colored photographs on glass, the claim, as I understand it, has a double aspect, and embraces two processes, the one terminating with the application of paint to the back of the picture and the other with the application of a second glass colored on the outer side.

The defendant does not deny the charge of infringement. The picture obtained from him and produced in evidence was made by the process which embraces the second glass. The defence is rested on the allegation that the plaintiff was not the first inventor or discoverer of this process. To prove the allegation, several witnesses were produced. A careful examination of their testimony has satisfied me that, although the plaintiff was not the first to discover and use the first of the processes embraced in the claim, as before indicated, he was the first to discover the second of these processes, embracing the use of an additional glass. The statements of Mr. Wentworth, Mr. Broadbent, and others leave no room to doubt that the process which is completed by the application of paint directly to the back of the picture did not originate with the plaintiff. The "ivory type," extensively manufactured many years prior to the date of the patent, was made according to this process, the paint being applied sometimes to the face and sometimes to the back of the picture.

As respects the process, however, which embraces the additional glass—the process here particularly involved—the defendant's allegation is not proved. The testimony of Mr. Loudner, invoked to sustain it, is not sufficient for the purpose. The witness is interested, and cannot, therefore, be supposed unwilling to tell all he knows, and yet when cross-examined and required to describe the process he used, being afforded the fairest and fullest opportunity to do so, he omitted the use of the second glass from his statement. When asked whether it was the same as that described in the Photographic Bulletin, and known as "Krauss's," in which the second glass was mentioned, he said it was "to the best of his knowl-

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

edge," and "as near as he could recollect." These expressions show that he had no certain recollection about it. The Photographic Bulletin, put in evidence, contains nothing of value. Its statements are not evidence. The description of this process, after the date of letters patent, and crediting the invention to another, is unimportant. That no photograph having the second glass, made prior to the date of this patent, was produced is a very significant fact. I feel no hesitation in saying that, as respects the process which involves the use of this glass, the claim is well founded, and the patent valid.

The suggestion that the second glass is of no value does not come with much force from one who has adopted its use. The facility it affords for applying color, and the smoothness and softness it imparts to the picture, leave no room for doubt on the question of value. I have passed upon the questions presented by counsel, and do not feel called upon to consider any other, if such might be raised upon the fact.